UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 5:14-cr-00015-LHK |
| v. | **DETENTION ORDER** |
| CHRISTOPHER CHEN, | |
| Defendant. | |

On January 17, 2014 the court heard arguments regarding the government's motion to detain Defendant Christopher Chen. Chen is charged with violating the conditions of his supervised release. Chen was represented by Heather Angove of the Office of the Federal Public Defender; the United States was represented by Assistant United States Attorney Thomas Colthurst. Chen was present, in custody.  For the reasons stated below, the court orders that Chen be detained, pending identification of an appropriate residential drug treatment program.

1

Case No.: 5:14-cr-0015-LHK
ORDER GRANTING MOTION FOR DETENTION

# I. ANALYSIS

A person facing trial generally shall be released if some "condition or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person in the community."[1] Ordinarily, the burden of demonstrating that no such conditions exist rests on the government; however, when the offense in question results from a violation of an existing supervised release order, the "burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the [defendant]."[2] Bail hearings generally proceed by proffer, and the rules of evidence do not apply.[3] At the hearing, the court determines whether any conditions exemplified in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person.[4]

In evaluating whether pretrial release is appropriate, a court must consider the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community posed by the person's release.[5]

## A. The Nature and Circumstances of the Offense and Weight of the Evidence

Chen is charged with failing to report for mandatory drug testing with his pretrial services officer, producing a sample for a drug test that had been diluted, and producing at least one positive drug test. The weight of the evidence here is strong, as the vast majority of the relevant evidence is already in the hands of pre-trial services.

---

[1] 18 U.S.C. § 3142 (c).

[2] Fed. R. Crim. P. 32.1(a)(6).

[3] *See* 18. U.S.C. § 3142(f).

[4] *See id.*

[5] *See id.*

Case No.: 5:14-cr-0015-LHK
ORDER GRANTING MOTION FOR DETENTION

### B. The History and Characteristics of the Defendant

Chen is 26 years old and currently resides with his parents in San Jose. He has lived with them since immigrating from Taiwan at just two months of age, with the exception of a prior period of incarceration and three years, during which he lived in Los Angeles.  He received his high school degree from Homestead High School in Cupertino in 2005, and his Bachelor of Arts from the University of California, Los Angeles in 2010.  He has been employed by Cosmopolitan Catering as a caterer since November, 2013, and would be able to return to that position if he were to be released from custody.  Chen reports that he began smoking marijuana when he was 14 years old, and over the next seven years, his drug use escalated to include ecstacy, cocaine, heroin, methamphetamines, and opiates by the time he was 21.  He was previously enrolled in the Pathway residential treatment program for his substance abuse, but although he successfully completed the program, his behavior and progress reports during his stay were mixed. Chen is in good physical health, although he reports going through drug-related withdrawal symptoms.  He also has a history of depression, for which he is currently taking Zoloft.

In April, 2010, Chen was convicted of driving on a highway in excess of 100 miles per hour, and sentenced to a fine.  In July, 2010, he was convicted of a felony for possessing concentrated cannabis and sentenced to 16 months in prison.  In 2013, he was convicted of another felony for possession of a controlled substance and sentenced to five years of probation.  He has been arrested an additional five times for supervised release violations and possession of controlled substances, and he has received two citations from the DMV for driving while using a handheld device.

### C. The Nature and Seriousness of the Danger to the Community

Chen's mental health issues, his history of extensive illicit substance use, and his current substance abuse suggest a risk of danger to the community were he to be released.  Chen has been treated for substance abuse previously while on supervised release, but as described above, the program had only middling results.  Additionally, the court is concerned with this defendant's prior

3

Case No.: 5:14-cr-0015-LHK
ORDER GRANTING MOTION FOR DETENTION

arrests and convictions for crimes similar to the instant offense involving illicit substances. In particular, Chen has a history of continued criminal activity while on active supervision.

That said, Chen's entire criminal history stems from his severe addiction to drugs. It therefore stands to reason that the best way to protect the public from further harm by Chen is to treat that underlying addiction, rather than simply incarcerating him without any treatment. Defense counsel has indicated a willingness and ability to locate an appropriate, secured, residential treatment program for Chen if the court will allow him to participate. Because of the factors elucidated in the preceding paragraph, the court is unwilling to simply release Chen on the hope and the prayer that such a facility is found. However, if such a program can be located such that defense counsel can present a concrete, secure alternative, allowing Chen to participate in that program would promote both immediate and long-term community safety.[6]

### D. The Risk of Non-Appearance

Although Chen's mental health and substance abuse history suggests an undue risk of flight were he to be simply released, that risk can be sufficiently mitigated by requiring Chen to participate in a residential treatment program. That risk is further mitigated by Chen's longstanding ties to this district and his parents' willingness to serve as sureties on a $50,000 unsecured bond.

**IT IS SO ORDERED.**

Dated: January 28, 2014

*Paul S. Grewal*
PAUL S. GREWAL
United States Magistrate Judge

---

[6] Defense counsel raised a concern that any bed identified would be gone before the court could entertain a motion to reconsider its decision and process the paperwork necessary to release the defendant. In order to avoid that problem, the court has prepared the necessary paperwork in advance, so that if such a bed is identified, the defendant can be released quickly.